ON PETITION FOR REHEARING
PER CURIAM.
We have considered the record in our Case No. CC-351 as it bears on the issues of whether Metz should have been permitted to withdraw his bargained guilty plea in this case. Following imposition of the sentence in this case, which pursuant to a bargain was made to run concurrently with the sentence imposed upon Metz’ violation of parole from a forgery sentence, Metz was sentenced to serve a consecutive term for another previously adjudicated forgery. Metz’ probation on the second forgery conviction ended as a result of his conviction in this case and is the subject of our Case No. CC-351.
The record which has been brought to our attention does not show that Metz was unconscious of his probationary sentence in No. CC-351, nor that he was unconscious of the potential consequences on that probation of a felony conviction, at the time he bargained for the adjudication and sentence received in this case. The sentencing court therefore did not err in declining Metz the opportunity to withdraw his guilty plea in this case when, following the inevitable revocation of his probation in No. CC-351, he was sentenced for forgery consecutively with this sentence for possession of a stolen motor vehicle. The bargain in this case did not purport to affect No. CC-351, and in the bargain there was neither mistake nor incompetence of counsel.
The prayer of the petition for rehearing is
DENIED.
BOYER, C. J., and MILLS and SMITH, JJ., concur.